IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>JOSE SOLANO-DE LA CRUZ,<br>Defendant. | 8:14-CR-53<br><br>MEMORANDUM AND ORDER<br>DENYING DEFENDANT'S MOTION<br>FOR COMPASSIONATE RELEASE |

This matter is before the Court on Defendant's Motion for Compassionate Release due to the ongoing COVID-19 pandemic, Filing 33. For the reasons stated below, the motion will be denied.

## I. BACKGROUND

Defendant pleaded guilty to one count of possession with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). In the Plea Agreement, Defendant admitted that on October 1, 2013, he gave law enforcement oral and written permission to search his residence. Filing 25 at 2. Agents found approximately seven pounds of methamphetamine, approximately one and a half kilograms of cocaine, and a 9 mm Ruger handgun. Filing 25 at 2. Defendant also admitted he was in the country illegally at the time. Filing 25 at 2. The Court[1] sentenced Defendant to the mandatory minimum of 120 months imprisonment with five years of supervised release. Filing 30. Defendant did not appeal.

Defendant now seeks compassionate release, asserting his medical conditions make him particularly susceptible to severe illness should he contract COVID-19. Defendant alleges broadly

---

[1] The Honorable Laurie Smith Camp was the sentencing judge. This case was recently reassigned to the undersigned following Judge Smith Camp's untimely death.

that he suffers from high blood pressure, cholesterol, a condition in his feet caused by extensive nerve damage, and diabetes. His Motion does not include any medical evidence.

## II. DISCUSSION

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons (BOP) to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant requested compassionate release from the warden of his facility; his request was denied March 22, 2022. Filing 33 at 5.

Although Defendant has exhausted his administrative remedies, he has not demonstrated a reduction in sentence is warranted. Section 3582(c)(1)(A) provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

The Sentencing Guidelines identify four general categories of qualifying circumstances, including: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1 (2018). Defendant's rehabilitation while incarcerated may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see*

2

*also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Accepting all of Defendant's factual allegations as true, the Court concludes that he has not shown an extraordinary and compelling reason for a reduction of his sentence or his release from custody. Defendant alleges broadly that he suffers from high blood pressure, cholesterol, a condition in his feet caused by extensive nerve damage, and diabetes, all of which place him at greater risk to be adversely affected by COVID-19. However, Defendant has the burden to demonstrate that compassionate release is warranted. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). For medical conditions to qualify as extraordinary and compelling, the inmate must show they are "serious and advanced . . . with an end of life trajectory," U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be so serious that they "substantially diminish the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," *id*., app. note 1(a) (ii).

Defendant provides no medical evidence that his medical conditions meet either of these criteria, nor does he provide any evidence of how COVID-19 would impact him individually. His generalized concern about possible exposure is at this point too speculative to qualify as extraordinary and compelling. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."). While the Court does not minimize the risk COVID-19 poses, especially to the prison population, Defendant's generalized concerns do not present an extraordinary and compelling reason to warrant release.

3

Without medical evidence and other necessary information from which the Court may evaluate Defendant's individual risk should he contract COVID-19, Defendant has failed to show that his medical conditions qualify as extraordinary and compelling.

A reduction of Defendant's sentence would also be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a). These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." *Id.* Defendant was sentenced at the mandatory minimum pursuant to a plea agreement. A reduction in sentence may undermine the seriousness of his offenses.

The Court concludes Defendant has not shown extraordinary and compelling reasons for release, nor do the factors under 18 U.S.C. § 3553(a) allow for compassionate release. Accordingly, Defendant's motion is denied.

IT IS ORDERED.

1. Defendant's Motion for Compassionate Release, Filing 33, is denied; and
2. The Clerk will mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 28th day of April, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge